-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CURTISS NIMMONS,

            Plaintiff,

                                      DECISION AND ORDER
    -v-                                 11-CV-0817F

BRIAN FISCHER, et al.,

            Defendants.



---

On November 28, 2011, the Court granted plaintiff permission to proceed *in forma pauperis* and directed the Clerk of the Court to cause the U.S. Marshals Service to serve the summons and complaint upon defendants Fischer and Flanagan. (Docket No. 3.) On February 14, 2012, plaintiff moved for an extension of time to have the Marshals Service serve the summons and complaint (Docket No. 5) and also filed a request for a Clerk's Entry of Default against defendants (Docket No. 6). The request for a Clerk's Entry of Default was not entered because the summonses had not been returned as executed. *See* Fed.R.Civ.P. 55(a). Plaintiff also moved for the appointment of counsel (Docket No. 4), which is denied at this time without prejudice.[1] Plaintiff has now moved for a default judgment. For the following reasons, plaintiff's motion for an extension of time for the Marshals Service to serve the summons and complaint is granted but his motion for a default judgment is denied.

---

[1] A more fully developed record will be necessary before the Court can determine whether plaintiff's chances of success warrant the appointment of counsel. Therefore, plaintiff's motion is denied without prejudice to its renewal at such time as the existence of a potentially meritorious claim may be demonstrated. See *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute).

Once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. *See* 28 U.S.C. § 1915(d); *Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). Accordingly, this Court finds that there is "good cause" to extend the time for the Marshals Service to serve the summons and complaint upon defendants. Fed.R.Civ.P. 4(m); *see Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)) (citations omitted)). The Court will therefore direct the Clerk of the Court to cause the Marshals Service to serve the summons and complaint upon defendants.

Plaintiff's motion for a default judgment is denied because an entry of default has been denied, *see Dow Chem. Pacific Ltd. v. Rascator Maritime*, S.A., 782 F.2d 329, 335 (2d Cir. 1986) (entry of default is prerequisite to entry of default judgment); *see also Hircsh v. Innovation Intern., Inc.*, 1992 WL 316143, *1 (S.D.N.Y. Oct. 19, 1992) (same), and because there is no evidence that service has been completed upon the defendants.[2]

IT IS HEREBY ORDERED that plaintiff's motion for an extension of time for the Marshals Service to serve the summons and complaint upon the defendants is granted up to and including **July 1, 2012**, and plaintiff motion for a default judgment is denied;

FURTHER, that plaintiff's motion for appointment of counsel is denied without prejudice;

---

[2] N.Y.C.P.L.R. § 312-a(b), which is the method of service the Marshal Service utilizes in this District, provides that service is not "complete" until the defendant returns the signed acknowledgment of receipt of service by mail to the Marshals Service ("sender"). According to the Docket Report, no acknowledgments of receipt of service by mail have been returned to the Marshals Service nor filed herein.

FURTHER, that the Clerk of the Court is directed to cause the Marshals Service to serve the summons and complaint upon defendants Brian Fischer, Commissioner, New York Department of Corrections and Community Supervision, and K. Flanagan, Acting Superintendent, Groveland Correctional Facility, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint; and

FURTHER, that in order to assist the Court and Marshals Service to effect service upon the defendants, see Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997), the Clerk of the Court is directed to forward a copy of this Order, the Order, filed November 28, 2011 (Docket No. 3) and the complaint (Docket No. 1) by first-class mail to the Deputy Assistant Attorney General in Charge, Buffalo Regional Office, Main Place Tower, Suite 300A, 350 Main Street, Buffalo, New York 14202, who is directed to report to the Court within 30 days of his receipt of this Order of the status of service on the defendants.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 30, 2012
Rochester, New York